UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

GARY FOGELMAN, JOHN GALIMI, PASQUALE
CORELLI and JAMES RUSSO,

Plaintiffs,

SUMMONS ISSUED

- against -

DETECTIVE MARK DONATO, Tax Registration
No. 839957, P.O. "JOHN DOE," DETECTIVE
ALBERT HAWKINS, Tax Registration No. 913957 and
KEITH J. LANE, Sr.,

Defendants.

---------------------------------------------------------------------X

CLERK
2012 AUG 10 AM 10: 12
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

COMPLAINT
AND JURY TRIAL
DEMAND

**CV 12        3981**

**KUNTZ, J.**

**POLLAK, M.J**

Plaintiffs, GARY FOGELMAN, JOHN GALIMI, PASQUALE CORELLI and
JAMES RUSSO, by their attorney, ALAN D. LEVINE, ESQ., complaining of the
defendants herein, respectfully allege as follows, upon information and belief:

**JURISDICTION**

1.    This is a civil action, seeking compensatory damages, punitive damages
and attorney's fees.

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the
fourth and fourteenth amendments to the Constitution of the United States.

3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4.    Plaintiff JAMES RUSSO, invoking the pendent jurisdiction of this court, also
seeks compensatory and punitive damages for false arrest against defendant KEITH J.
LAINE, Sr.

## VENUE

5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6.    Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7.    At all times relevant hereto, plaintiff GARY FOGELMAN was and is a natural person, resident in the County of Queens, City and State of New York.

8.    At all times relevant hereto, plaintiff JOHN GALIMI was and is a natural person, resident in the County of Queens, City and State of New York.

9.    At all times relevant hereto, plaintiff PASQUALE CORELLI was and is a natural person, resident in the County of Queens, City and State of New York.

10.    At all times relevant hereto, plaintiff JAMES RUSSO was and is a natural person, resident in the County of Queens, City and State of New York.

11.    At all times relevant hereto, defendant DETECTIVE MARK DONATO, Tax Registration No. 839957 (hereinafter "DONATO") was and is a natural person, employed as a detective by the Police Department of the City of New York.

12.    At all times relevant hereto, defendant P.O. "JOHN DOE" (hereinafter "DOE") was and is a natural person, employed as a police officer by the Police Department of the City of New York.

13. At all times relevant hereto, defendant DETECTIVE ALBERT HAWKINS, Tax Registration No. 913957 (hereinafter "HAWKINS") was and is a natural person, employed as a detective by the Police Department of the City of New York.

14. At all times relevant hereto, defendant KEITH J. LANE, Sr. (hereinafter "LANE") was and is a natural person, resident in the County of Queens, City and State New York.

15. The individual defendants are sued in their individual capacities.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS FOGELMAN, GALIMI AND CORELLI
## AGAINST DEFENDANTS DONATO AND DOE
### (42 U.S.C. §1983)

16. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length herein.

17. On or about June 18, 2010, at the High School for Construction Trades, Engineering and Architecture, which is located at 94-02 104th Street, County of Queens, City and State of New York, plaintiffs were placed under arrest by defendant DOE.

18. Plaintiffs FOGELMAN, GALIMI and CORELLI were each handcuffed, walked through a portion of the aforementioned school at which they were students, taken outside and placed in New York City Police Department motor vehicles. The aforesaid "perp walk" was done in full view of fellow students of the plaintiffs.

19. Plaintiffs FOGELMAN, GALIMI and CORELLI were taken to the stationhouse of the 102nd Precinct.

20.     At the aforementioned stationhouse, plaintiffs FOGELMAN, GALIMI and CORELLI were each interrogated by defendant DONATO.

21.     Plaintiffs FOGELMAN, GALIMI and CORELLI were each falsely and maliciously accused by defendant DONATO of having surrounded and hit with a wooden stick a fellow student named Keith J. Lane, Jr., inside the aforementioned high school on February 16, 2010.

22.     Plaintiffs FOGELMAN, GALIMI and CORELLI were each charged with assault in the third degree, an A misdemeanor and harassment in the second degree, a violation.

23.     Plaintiffs FOGELMAN, GALIMI and CORELLI were taken to Queens Central Booking after spending approximately four hours in a holding pen at the 102nd Precinct.

24.     Plaintiffs FOGELMAN, GALIMI and CORELLI appeared before a Judge of the Criminal Court of New York City, County of Queens, at approximately 6:30 P.M. on June 19, 2010.

25.     Plaintiffs FOGELMAN, GALIMI and CORELLI were each released on their own recognizance.

26.     Upon their release, plaintiffs FOGELMAN, GALIMI and CORELLI had each been in custody for approximately thirty hours.

27.     At the time of their arrests, plaintiffs FOGELMAN, GALIMI and CORELLI were minors.

28.     On or about October 15, 2010, superseding informations were filed against plaintiffs FOGELMAN, GALIMI and CORELLI.

29.    The superseding informations alleged that on February 23, 2010 and February 26, 2010, while the plaintiffs FOGELMAN, GALIMI and CORELLI and the complainant Keith J. Lane, Jr., were in class together, the plaintiffs FOGELMAN, GALIMI and CORELLI repeatedly, for approximately an hour on each occasion, struck the complainant in his back, shoulder and stomach with long wooden sticks and closed fists.

30.    Upon information and belief, the complaining witness, Keith J. Lane, Jr., suffers from a mental disability.

31.    On or about February 28, 2011, plaintiffs FOGELMAN, GALIMI and CORELLI each accepted an adjournment in contemplation of dismissal.

32.    Pursuant to the terms of the adjournment in contemplation of dismissal, all charges against plaintiffs FOGELMAN, GALIMI and CORELLI have been dismissed and sealed in their entirety.

33.    Plaintiffs FOGELMAN, GALIMI and CORELLI were deprived of their right to be arrested and charged only with probable cause therefor, guaranteed to them by the fourth amendment to the Constitution of the United States, and of their right to due process of law, guaranteed to them by the fourteenth amendment to the Constitution of the United States, in that defendants DOE and DONATO, acting under color of state law, falsely arrested and falsely and maliciously charged each of them with a crime and a violation and publicly paraded them in front of their fellow students without having any probable cause or legitimate reason to do so.

34.    As a result of the violation of their rights to be arrested only with probable cause and to due process of law, guaranteed to them by the fourth and fourteenth

amendments to the Constitution of the United States, respectively, plaintiffs FOGELMAN, GALIMI and CORELLI suffered a loss of their liberty, were publicly shamed and humiliated, suffered severe mental anguish and upset, incurred expenses for legal representation and for psychological treatment and lost time and income from their employment.

35.   As a result of defendants DONATO's and DOE's violation of their rights to be arrested only with probable cause and to due process of law, guaranteed to them respectively by the fourth and fourteenth amendments to the Constitution of the United States, plaintiffs FOGELMAN, GALIMI and CORELLI have each been damaged in the sum of One Million ($1,000,000.00) Dollars and each demand One Million ($1,000,000.00) Dollars as punitive damages against defendants DONATO AND DOE.


### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF RUSSO
### <u>AGAINST DEFENDANT HAWKINS</u>
### (42 U.S.C. §1983)

36.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "35" hereinabove as if more fully set forth at length herein.

37.   On or about August 16, 2011, plaintiff RUSSO learned that he was being sought by members of the New York City Police Department for allegedly having committed a crime against Keith J. Lane, Jr.

38.   Arrangements were made for plaintiff RUSSO to present himself at the stationhouse of the 102nd Precinct on August 18, 2011, to be charged.

39.   On August 18, 2011, at approximately 7:45 A.M., plaintiff RUSSO appeared at the 102nd Precinct.

40.   Plaintiff RUSSO was issued a Desk Appearance Ticket by defendant HAWKINS, requiring him to appear in Criminal Court of the City of New York, County of Queens on September 20, 2011.

41.   Plaintiff RUSSO appeared in Criminal Court on the aforementioned date and was arraigned upon the complaint of defendant HAWKINS on a false and malicious charge of forcible touching.  Forcible touching is an A misdemeanor.

42.   Plaintiff RUSSO appeared in court a total of four times on the false and malicious charge against him.

43.   On or about January 18, 2012, plaintiff RUSSO received an adjournment in contemplation of dismissal of the charge against him.

44.   The charge against plaintiff RUSSO has been dismissed and sealed.

45.   Plaintiff RUSSO was deprived of his right to be arrested and charged only with probable cause therefor, guaranteed to him by the fourth amendment to the Constitution of the United States and of his right to due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States in that defendant HAWKINS, acting under color of state law, falsely arrested and falsely and maliciously charged him with a crime without having any probable cause or legitimate reason to do so.

46.   As a result of the violation of his rights to be arrested only with probable cause and to due process of law, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, plaintiff RUSSO suffered a loss of

his liberty, was publicly shamed and humiliated, incurred expenses for legal representation, lost time from his schooling and lost time and income from his employment.

47.    As a result of defendant HAWKINS's violation of his rights to be arrested only with probable cause and with due process of law, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, plaintiff RUSSO has been damaged in the sum of One Million ($1,000,000.00) Dollars and demands One Million ($1,000,000.00) Dollars in punitive damages against defendant HAWKINS.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF RUSSO
### AGAINST DEFENDANT LANE
### (False Arrest)

48.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "47" hereinabove as if more fully set forth at length herein.

49.    Defendant LANE complained to police officers and detectives employed by the New York City Police Department, falsely and maliciously accusing plaintiff RUSSO of having committed the crime of forcible touching against defendant LANE's son, Keith J. Lane, Jr.

50.    On August 18, 2011, at the request, instigation and importuning of defendant LANE, defendant HAWKINS arrested plaintiff RUSSO and restrained him of his liberty.

51.    Plaintiff RUSSO's arrest was made without a warrant or other legal process and was unlawful as no crime had been committed by plaintiff RUSSO.

52.    Defendant LANE acted willfully, wrongfully, unlawfully and maliciously in procuring and causing plaintiff RUSSO's arrest.

53.    After having been arrested, plaintiff RUSSO was issued a Desk Appearance Ticket and was required to appear in Criminal Court of the City of New York, County of Queens a total of four times before he received an adjournment in contemplation of dismissal.

54.    The charge against plaintiff RUSSO has been dismissed and sealed.

55.    As a result of the false arrest caused and procured by defendant LANE, plaintiff RUSSO was restrained of his liberty, publicly humiliated, forced to pay for the services of an attorney, and lost time and income from his employment and time from his schooling.

56.    As a result of the false arrest caused and procured by defendant LANE, plaintiff RUSSO has been damaged in the sum of One Million ($1,000,000.00) Dollars and demands One Million ($1,000,000.00) Dollars in punitive damages against defendant LANE.

WHEREFORE, plaintiffs, GARY FOGELMAN, JOHN GALIMI, PASQUALE CORELLI and JAMES RUSSO, demand judgment against defendants, DETECTIVE MARK DONATO, Tax Registration No. 839957, P.O. "JOHN DOE," DETECTIVE ALBERT HAWKINS, Tax Registration No. 913957 and KEITH J. LANE, Sr., as follows:

First Cause of Action:    Each plaintiff demands One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants DONATO and DOE;

Second Cause of Action:   Plaintiff   RUSSO   demands   One   Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant HAWKINS;

Third Cause of Action:   Plaintiff   RUSSO   demands   One   Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant LANE.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated:  Kew Gardens, New York
        August 9, 2012

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File Nos. 2197, 2198, 2199 &2241