UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARY FOGELMAN, JOHN GALIMI,
PASQUALE CORELLI, and JAMES RUSSO,

              **DECISION & ORDER**:

          Plaintiffs,              12-cv-3981 (WFK) (CLP)

        *-against-*

DETECTIVE MARK DONATO, DETECTIVE
ALBERT HAWKINS, DETECTIVE TIMOTHY
FEEHAN, and KEITH LANE, SR.

          Defendants.
------------------------------------------------------------------X

**WILLIAM F. KUNTZ II, United States District Judge:**

By amended complaint filed December 19, 2012, Plaintiffs Gary Fogelman, John Galimi, Pasquale Corelli, and James Russo bring this action against Defendants Detective Mark Donato, Detective Albert Hawkins, Detective Timothy Feehan (the "Police Defendants"), and Keith Lane, Sr. ("Lane") pursuant to 42 U.S.C. § 1983 and New York State law for false arrest. The Police Defendants move to dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c) for failure to state a claim and for judgment on the pleadings. Defendant Lane moves separately to dismiss Plaintiffs' claims against him on the same grounds. For the reasons discussed below, the Police Defendants' motion and Lane's motion are both GRANTED in their entirety.

## BACKGROUND

On or about June 18, 2010, Plaintiffs, who were minors and students at the High School for Construction Trades, Engineering and Architecture, were arrested by Detective Timothy Feehan. Dkt. 15 ("Amended Complaint") at ¶¶ 17-18, 27. Plaintiffs were handcuffed, "perp-walked" in front of their fellow students, and taken to the 102nd Precinct. *Id.* at ¶¶ 18-19. At the Precinct, Detective Mark Donato questioned Plaintiffs regarding their alleged assault upon their classmate, Keith Lane, Jr. ("Keith"), on February 16, 2010. *Id.* at ¶¶ 20-21. Keith has an unspecified mental disability. *Id.* at ¶ 30. Plaintiffs were charged with assault in the third degree

–1–

and harassment in the second degree and, after spending approximately four hours in police custody, taken to Queens Central Booking. *Id.* at ¶¶ 22-23. Plaintiffs appeared in the Criminal Court of Queens County and were released on their own recognizance at approximately 6:30 P.M. on June 19, 2010, by which point they had spent approximately thirty hours in custody. *Id.* at ¶¶ 24-26. On or about October 25, 2010, superseding informations were filed against Plaintiffs, alleging that Plaintiffs beat Keith Lane, Jr. with long wooden sticks and closed fists on Keith's shoulder, back, and stomach on two separate occasions, each lasting for approximately one hour. *Id.* at ¶¶ 28-29. On or about February 28, 2011, all three Plaintiffs accepted an adjournment in contemplation of dismissal of the charges against them, and the charges were subsequently dismissed and sealed. *Id.* at ¶¶ 31-32.

Plaintiffs bring this suit for false arrest against all Defendants under 42 U.S.C. § 1983 and New York State law. *Id.* at ¶¶ 16-56. On March 1, 2013, the Police Defendants filed a motion to dismiss and for judgment on the pleadings under Federal Rules of Civil Procedure 12(b)(6) and 12(c). Dkt. 19 ("Police Defendants MTD"). Also on March 1, 2013, Lane filed a motion to dismiss and for judgment on the pleadings under Federal Rules of Civil Procedure 12(b)(6) and 12(c). Dkt. 22 ("Lane MTD").

## DISCUSSION

### I. Standard for Dismissal under Rule 12(b)(6) and Judgment on the Pleadings under Rule 12(c)

To survive a motion to dismiss pursuant to Rule 12(b)(6), each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A sufficiently pled complaint "must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*

*Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks and alteration omitted). At this stage, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of Plaintiff, the non-movant. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 72 (citing *Iqbal*, 556 U.S. at 678) (internal quotation marks and alteration omitted). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Legal conclusions must be supported by factual allegations. *Id.*; *Pension Benefit Guar. Corp.*, 712 F.3d at 717-18.

In deciding a motion for judgment on the pleadings under Rule 12(c), the Court applies "the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004) (internal citation and quotation marks omitted); *see also Hill v. Griffin*, 11-CV-6101, 2015 WL 3440189 at *2 (W.D.N.Y. May 28, 2015) (Wolford, J.).

II. Analysis

A. Plaintiffs Have Failed to State a Claim Against the Police Defendants.

Plaintiffs allege Police Defendants falsely arrested them, in violation of the Fourth Amendment. Amended Complaint at ¶¶ 16-56. The Fourth Amendment provides an "explicit

textual source of constitutional protection" against unreasonable search and seizure. *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (internal quotation marks and citation omitted). The law of the state in which the imprisonment occurred governs the analysis of a false arrest claim. *Jaegly v. Couch*, 439 F.3d 149, 151-152 (2d Cir. 2006). Because Plaintiff was arrested in New York, the law of New York State will govern the Court's analysis on this issue.

To state a claim for false arrest in New York, a plaintiff must allege: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement[,] and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (internal quotation marks, citations, and alteration omitted). Probable cause makes an arrest privileged and is a complete defense to Fourth Amendment claims of false arrest. *Id.* at 852. "[T]he probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." *Jaegly*, 439 F.3d at 153 (citation omitted). Probable cause to arrest exists where the arresting officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Swartz v. Isogna*, 704 F.3d 105, 111 (2d Cir. 2013) (citation and internal quotation marks omitted).

Here, Plaintiffs allege that Defendants arrested them based on statements from the complaining victim (Keith) and the complaining witness (Keith's father, Lane). Amended Complaint, ¶¶ 29-30, 49; Dkt. 24 ("Ps' Opp. 1") at 5. "When information is received from a putative victim or eyewitness, probable cause exists . . . unless the circumstances raise doubt as to the person's veracity." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (internal citation omitted). Neither an arrestee's protestations of innocence nor a putative victim's

inconsistent statements necessarily vitiate probable cause. *Ullah v. Office of Dist. Attorney*, 07-CV-2687, 2009 WL 2151357, at *5-6 (Gorenstein, Mag. J.) (collecting cases where arrestee's asserted innocence and discrepancies in putative victim's testimony or police evidence did not vitiate probable cause where putative victim identified the arrestee).

Plaintiffs assert that the allegations of Keith and Lane were of doubtful veracity and therefore cannot constitute probable cause. The allegations were of doubtful veracity according to Plaintiffs because (1) the new informations filed against Plaintiffs in October 2010 alleged that the assaults took place on two dates in February 2010 which differed from the originally alleged date of February 16, 2010, and (2) Keith is mentally disabled. Ps' Opp. 1 at 4-5. In support of this argument, Plaintiffs cite *Araujo v. City of New York*, 08-CV-3715, 2010 WL 1049583, at *5 (E.D.N.Y. Mar. 19, 2010) (Matsumoto, J.) and *Ward v. City of New York*, 08-CV-7380, 2010 WL 3629536, at *2 (S.D.N.Y. Sept. 17, 2010) (Holwell, J.).

However, both cases cited by Plaintiff are readily distinguishable. In *Araujo*, the court denied the defendants' motion to dismiss because the sole basis for probable cause was a complaint from a seven-year-old child concerning abuse allegedly occurring when she was between two and one-half and three and one-half years of age. As such, the court found the plaintiff had "pled sufficient facts to cross the line between possibility and plausibility concerning whether the circumstances should have raised doubts as to complainant's reliability or veracity." *Araujo*, 2010 WL 1049583 at *5 (citation and internal quotation marks omitted).

Here, the complaining victim was reporting events that had occurred that very year, his statement was corroborated by his father, and the mere fact that he suffers from a mental disability does not render him an unreliable witness. Amended Complaint, ¶¶ 29-30, 49; Dkt. 9 ("Answer") at 30.

In *Ward*, the court denied the defendants' motion to dismiss where the sole basis for probable cause was the statement of a thirteen-year-old complainant who alleged her mother's boyfriend molested her, but later partially disavowed her allegations, stated she felt alienated from her mother, and admitted she made her first report of abuse during an argument with her mother. *Ward*, 2010 WL 3629536 at *2. Here, in contrast to *Ward*, there is no disavowal. The only discrepancy is a minor one concerning exactly when in February 2010 the alleged assault(s) occurred, which does not seriously implicate the complaining victim's or the complaining witness's credibility. Furthermore, there is no alleged motive to fabricate on the part of either the complaining victim or the complaining witness.

Accordingly, Plaintiffs have failed to state a claim for false arrest. The Police Defendants' motions to dismiss and for judgment on the pleadings are hereby GRANTED. As such, the Court need not reach the Police Defendants' claims of qualified immunity.

### B. Plaintiff Russo Has Failed to State a Claim Against Lane.

Plaintiff Russo also brings a New York State law claim against Lane for false arrest based on Lane's allegations to the police regarding Plaintiffs' alleged assault on Lane's son, Keith. Amended Complaint at ¶¶ 48-56. A Fourth Amendment claim for false arrest brought under 42 U.S.C. § 1983 is "substantially the same" as a false arrest and imprisonment claim under New York State law. *Weyant*, 101 F.3d 845, 852 (2d Cir. 1996). In order to state a claim of false arrest against an individual who is not a police officer and who makes a complaint to the police which results in an arrest, a plaintiff must allege facts showing the individual did more than furnish information to the police. The plaintiff must allege facts showing the individual "affirmatively induced the officer to act . . . to the point where the officer is not acting of his own volition." *Boadu v. City of New York*, 944 N.Y.S.2d 265, 267 (2d Dep't 2012). The individual

must have "instigated" the arrest by behaving "active[ly] and officious[ly]" or with "undue zeal," and must have intended the plaintiff's arrest. *Paul v. Bank of Am. Corp.*, 09-CV-1932, 2011 WL 684083, at *6-7 (E.D.N.Y. Feb. 16, 2011) (Vitaliano, J.).

Here, Plaintiff Russo merely offers conclusory statements that (1) Lane's statements were "false," and (2) Lane "instigated" Russo's arrest. Amended Complaint at ¶ 49; Dkt. 25 ("Pl. Opp. 2") at 3-4. While the Court must review the pleadings in the light most favorable to the Plaintiff, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris*, 572 F.3d at 72 (internal quotation marks and alteration omitted). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Russo does not allege any specific facts concerning Lane's role in the arrest, nor does Russo specifically allege any facts showing the officers were acting at Lane's instigation rather than their own volition. Accordingly, Lane's motion to dismiss and simultaneous motion for judgment on the pleadings is hereby GRANTED.

## CONCLUSION

For the reasons set forth above, the Defendants' Motions, Dkts. 19 and 22, are hereby GRANTED in their entirety.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 15, 2015
Brooklyn, NY

-7-